UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

FEB 2 4 2017

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

|  |  |  |
|---|---|---|
| BACCHANAL HOSPITALITY, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Case No. 16-cv-207 (RCL) |
| CURED, LLC, | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

### I.   INTRODUCTION

Plaintiff Bacchanal Hospitality, LLC brought this action alleging violations of the Lanham Act, 15 U.S.C. §§ 1051 et seq., and Texas common law trademark infringement, passing off, and unfair competition by defendant, Cured, LLC, based on defendant's marketing and sale of products in Texas. Defendant asserts counterclaims of trademark infringement under the Lanham Act and Colorado trademark law and consumer protection statutes based on plaintiff's alleged conduct in both Texas and Colorado. Defendant also moves to transfer the action to the District of Colorado. For the reasons given below, the Court will **DENY** the motion to transfer.

### II.   BACKGROUND

This is primarily a dispute over the use of the word "CURED." Since 2013, Plaintiff Bacchanal has operated a restaurant called "Cured," in the historic Pearl Brewery on the San Antonio Riverwalk. Am. Compl. [ECF No. 11] 4, ¶25. Since 2011, defendant Cured has operated a small store called "Cured," in Boulder, Colorado selling assorted cheese, wine, and charcuterie products.

1

Answer [ECF No. 15] 21-22, ¶¶11, 17-18. Defendant also sells products via its website, which are available to customers in Texas.

On April 21, 2014, plaintiff filed a trademark application for the registration of its "CURED" trademark for restaurant services. *Id.* at 5, ¶31. The United States Patent and Trademark Office (USPTO) refused registration on the basis of likely confusion with defendant's registered mark—Serial No. 86190056, Registration No. 4601242—for retail grocery stores.[1] *Id.* at ¶33. Specifically, the USPTO determined that the marks were identical and implicated closely related services: restaurant services and retail grocery stores. U.S. Patent Application No. 86258069, Office Action (issued August 31, 2015). Plaintiff's mark remains unregistered while defendant's mark was officially on registered September 9, 2014. Am. Compl. 5, ¶33; Answer 23, ¶25.

On February 26, 2016, plaintiff sued, alleging that defendant "is targeting Texas and is actively doing business and making sales of its products in Texas under the CURED trade name and trademark which is infringing the trademark rights of Plaintiff." Am. Compl. 3, ¶10. At bottom, plaintiff argues that defendant is marketing and selling its goods in Texas and "deliberately encroaching upon Plaintiff's trade territory and business." *Id.* at ¶11-12. Plaintiff's allegations include claims of false designation of origin, under the Lanham Act, 15 U.S.C. § 1125(a), and common law trademark infringement, passing off, and unfair competition under the laws of Texas. *Id.* at 13-18. Plaintiff also seeks declaratory judgments under federal and state law to recognize concurrent use rights and an order directing the USPTO to register plaintiff's trademark. *Id.* at 19. Further, plaintiff seeks to modify or cancel defendant's registered trademark for the name "CURED" on the basis that it is not a retail grocery store. *Id.* at 20. Plaintiff also seeks a declaration

---

[1] Defendant had filed its trademark application months before on February 11, 2014. Am. Compl. 5, ¶33.

from this Court that its use of "CURED" does not constitute trademark infringement, trademark dilution, passing off, or unfair competition against defendant. *Id.* at 20-22.

On July 15, 2016, defendant filed its Answer [ECF No. 15], alleging various counterclaims. Specifically, defendant accuses plaintiff of trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a), unfair competition under Colorado common law, and deceptive trade practices under Colorado statute C.R.S. § 6-1-105 (2016). Answer 25-27. Defendant similarly seeks injunctive relief preventing "further violation of its intellectual property rights and infringement of its trademark rights." Answer 29, ¶61.

Before filing its Answer, defendant filed a motion [ECF No. 14] to transfer venue pursuant to 28 U.S.C. § 1404(a), arguing that the District of Colorado would be a more convenient venue for this dispute. Mot. 1-2. Plaintiff opposes [ECF No. 21] on the grounds that the proper and more convenient venue is where the alleged infringing activity occurred: Texas. Resp. 2-3. The Court considers that motion to transfer venue.

## III.    LEGAL STANDARD

Generally, plaintiffs are afforded the privilege of determining venue. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. § 1404(a). This "place[s] discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The Fifth Circuit has adopted private and public interest factors most appropriate for determining whether a § 1404(a) transfer is for the convenience of the parties and witnesses, in the

3

interest of justice. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* The public factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law. *Id.*

The movant bears the burden of establishing that transfer is proper. While the statute gives a wide latitude to the courts in determining whether transfer would be more convenient in another forum, a movant must do more than merely assert inconvenience. *Id. See also The Burlington Northern Santa Fe Inv. and Retirement Plan v. Mavrovich,* 193 Fed. Appx. 370, 370 (5th Cir. 2006) (holding that the district court did not abuse its discretion in refusing to transfer when the moving party failed to substantiate claims of inconvenience). "The party seeking transfer bears the burden of proving that the case should be transferred to an alternate forum and that the alternate forum is clearly more convenient." *Cooper-McClintock v. United States*, 2011 WL 5182259, *2 (N.D. Tex. 2011) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 n. 10 (5th Cir. 2008)). Plaintiff's choice of forum should generally not be disturbed unless the balance of factors weigh strongly for transfer. *Id.* However, no single factor is dispositive. *In re Volkswagen*, 545 F.3d at 315 (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

## IV.    ANALYSIS

This case involves four claims made by plaintiffs against defendant, six requests for declaratory relief by plaintiff, and four counterclaims by defendant against plaintiff. Both parties

4

seek temporary and permanent injunctive relief enjoining the other from infringing upon the "CURED" trademark. Defendant contends that this case could have been filed in the District of Colorado and that a substantial part of the events giving rise to the claims here occurred in Colorado. Mot. 5.

## A.  The action could have been filed in the District of Colorado.

As a threshold matter, this Court finds that plaintiff could have originally filed this action in the District of Colorado. When no specific venue statute applies, the general venue statute applies. 28 U.S.C. § 1391. Under the general venue statute, a civil action may be brought in the judicial district where the defendant resides, in the judicial district where a substantial part of the events giving rise to the claim occurred, or, if there is no district in which an action may otherwise be brought, any judicial district in which the defendant is subject to the court's jurisdiction. 28 U.S.C. § 1391(b)(1)-(3). Here, no specific venue statute applies. Defendant Cured, LLC is a limited liability company with its principal place of business in Boulder, Colorado. Am. Compl. 1, ¶2. Thus, defendant resides in Colorado and this action could have been filed the District of Colorado. This requirement is satisfied.

## B.  The public and private interest factors do not currently favor transfer.

Defendant argues that the public and private interest factors favor transfer because the stores, and therefore the physical evidence, are located in Colorado. Mot. 6. Further, defendant argues its party and non-party witnesses reside in Colorado. *Id.* Therefore, defendant argues, this Court cannot subpoena non-party witnesses, and the costs of attendance for the witnesses and parties would be significant. Mot. 7. In response, plaintiff argues that proper venue in an infringement case is where the infringing activity occurred: Texas. Resp. 2. Plaintiff also argues that transfer

would merely shift the inconvenience of trial from the defendant to the plaintiffs, and that the interest factors weigh against transfer. *Id.* at 3-9. For the reasons set forth below, the Court finds insufficient justification to transfer at this time.

### a. A substantial part of the events giving rise to these claims occurred in Texas.

Defendant argues that a substantial part of the events giving rise to the infringement claims here occurred in Colorado. Mot. 5-6. In support, defendant argues that Cured, LLC operates its business in Boulder, Colorado, and that any sales occur at its retail store in Boulder, Colorado. *Id.* Plaintiff has challenged the character of its business as a retail grocery store. Therefore, defendant asserts, a substantial part of the events giving rise to the claim occurred in Colorado and most of the physical evidence and witnesses concerning the nature of Cured, LLC's Colorado business are in Colorado. Mot. at 6-7.[2]  Plaintiff argues that the conduct giving rise to trademark infringement claims "did not occur anywhere other than the Western District of Texas." Resp. 1.

The Court concludes that a substantial part of the events giving rise to the claims here occurred in Texas for two reasons. First, at best, only *some* of the events giving rise to the claims at issue occurred in Colorado. To be sure, some of plaintiff's claims implicate the nature of defendant's business operations in Colorado. For example, Count VI seeks to invalidate defendant's trademark, arguing defendant "never provided 'retail grocery stores' services as defined by the [USPTO]." Am. Compl. 20, ¶119.  To the extent that plaintiff is challenging how defendant's business operated, the conduct giving rise to that claim occurred in Colorado. Count II asserts that defendant reproduced or copied plaintiff's trademark, applying it to goods, labels, or promotional materials

---

[2] Cured, LLC points to several anticipated witnesses who reside in Colorado, including its general manager, Jessica Beer, and two customers who have also dined at both plaintiff's San Antonio restaurant and defendant's Colorado store.

to be used in commerce. Am. Compl. 15, ¶85. To the extent that plaintiff is challenging how defendant packaged its goods, some conduct giving rise to that claim also occurred in Colorado. However, other claims are focused on the marketing or use of the "CURED" trademark in Texas with the intention to confuse to deceive Texas consumers. *See, e.g.,* Am. Compl. 15, ¶86. To the extent plaintiff is claiming confusion or deception among Texas consumers, the events giving rise to those claims occurred in Texas. Presumably, the physical evidence and witnesses to those claims also exist in Texas. This Court is therefore unconvinced that a "substantial part" of the events giving rise to the fourteen claims here occurred in Colorado, rather than Texas.

Second, the gravamen of plaintiff's complaint is that the Colorado business' use of the word "CURED" in its online marketing and sales infringes on the trademarks and design of the Texas restaurant.[3] The parties agree that proper venue for a trademark infringement case lies where the infringing activity occurred. *Hopdoddy Burger Bar, Inc. v. Blacketer*, No. 1-15-CV-233-RP, 2015 U.S. Dist. LEXIS 100139, *5 (W.D. Tex. July 31, 2015) (citing *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994)). In trademark and unfair competition cases, "the wrong takes place not where the deceptive labels are affixed to the goods or where the goods are wrapped in the misleading packages, but where the passing off occurs, *i.e.*, where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's." *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633, 639 (2d Cir. 1956). Here, the allegedly infringing operations appear to be online sales to Texas customers. While it is unclear at this time the scope or breadth of this online conduct, the number of purported sales, or the number of purported Texas customers, the allegedly deceived consumers are in Texas. Accordingly, this Court concludes that

---

[3] The Amended Complaint refers to Cured, LLC "deliberately encroaching upon Plaintiff's trade territory and business." Am. Compl. 3, ¶11. Plaintiff claims that defendant's website, www.curedboulder.com, "actively promot[es] and sell[s] its goods in Plaintiff's trade territory in Texas." *Id.* at ¶17. This Court construes plaintiff's trademark claims as arising out of defendant's purported online marketing and sales in Texas.

a substantial part of the events giving rise to the claims here, particularly the trademark infringement or passing off claims, occurred in Texas.

### b.  The private interest factors do not currently favor transfer.

Defendant argues that the private and public factors weigh in favor of transfer to Colorado. For the reasons articulated below, this Court disagrees.

### i.  Ease of Access to Sources of Proof

Defendant argues that the physical evidence related to the claims and counterclaims are located in Colorado. Mot. 6. However, as noted above, a substantial part of the events giving rise to the claims here occurred in Texas. Accordingly, some physical evidence related to those claims, particularly whether Texas consumers were confused or deceived, exists in Texas. Further, defendant has not presented evidence that substantially more physical evidence is located in Colorado. Also, given the parties' vague and broad allegations, and the lack of argument concerning any specific physical evidence other than defendant's physical storefront, this Court lacks adequate information regarding the scope or cost of discovery. There is no evidence that transfer to Colorado will ease the parties' access to sources of proof, or make this litigation more convenient. This Court therefore concludes that the ease of access to sources of proof does not weight in favor of a transfer to the District of Colorado.

### ii.  Availability of Compulsory Process to Secure the Attendance of Witnesses

Similarly, defendant argues that Cured, LLC could not compel Colorado witnesses to attend trial in Texas under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 45(c)(1)(A) ("A subpoena may command a person to attend a trial, hearing, or deposition only . . . within 100 miles

of where the person resides, is employed, or regularly transacts business in person."). Defendant argues that none of its Colorado witnesses can be subpoenaed to testify in Texas, and that this action should therefore be transferred to Colorado.

Indeed, the Fifth Circuit has held that the lack of compulsory process to secure attendance weighs in favor of transfer, particularly when the witnesses reside within the transferee venue. *See In re Volkswagen of Am.*, 545 F.3d 304, 316 (5th Cir. 2008). Further, defendant correctly concludes that this Court cannot command the Colorado witnesses' attendance at trial here. At the surface, this factor appears to weigh in favor of transfer. However, in this case, both sides have identified potential non-party witnesses.[4] Under Rule 45, neither this Court nor the District of Colorado may command all witnesses to attend trial. Should this Court order transfer, the Colorado court would be unable to compel plaintiff's Texas witnesses to attend trial.

Critically, while this Court cannot command the Colorado witnesses' attendance at trial in San Antonio, this Court *can* command attendance at a deposition within 100 miles of where the person resides or works. Fed. R. Civ. P. 45(c)(1)(A). Further, defendant may present that deposition testimony at trial. *See* Fed. R. Civ. P. 32(a)(4) ("A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial . . . ."). Thus, whether this case remains in the Western District of Texas or is transferred to the District of Colorado, both parties would be able to present testimony from its non-party witnesses, either through live testimony or deposition.

Defendants have failed to explain how much, if at all, they might be inconvenienced by having to rely on depositions rather than live testimony. In fact, defendants appear to believe they will be

---

[4] All of plaintiff's witnesses live in Texas, and several claim to be "unable to travel to Colorado to testify." Resp. 6-7.

unable to present their witnesses unless the case is transferred. This is incorrect. Further, ordering transfer here would merely shift the "inconvenience" of presenting witness testimony through depositions from defendants to plaintiffs. Accordingly, this Court concludes that the availability of the compulsory process does not favor transfer to the District of Colorado.

### iii.   Cost of Attendance

Defendant also argues that the cost of attendance for willing witnesses would be "significant." Mot. 7-8. However, defendant has presented no specific evidence of these "significant" costs. As noted, the movant bears the burden of establishing transfer is proper and must do more than merely assert an inconvenience. *See In re Volkswagen*, 545 F.3d at 315 (stating that the movant for § 1404(a) transfer must establish "good cause," clearly demonstrating why the transferee venue is more convenient). This Court cannot accept defendant's conclusory assertions that its witnesses would incur significant costs if trial is held in Texas.

Further, defendant argues requiring the owners to testify in Texas would cause disruptions to the business and finances of Cured, LLC, and would force them to "uproot their family in order to participate" in the trial. *Id.* While the Court is sympathetic to the disruptions in the lives of trial participants, such disruptions are not unique to defendants. Plaintiff owners and witnesses will be required to testify and attend trial, resulting in similar absence from and disruption to their business. There is no evidence that transfer to the District of Colorado here would render the litigation more convenient. Rather, it would merely shift some inconvenience from defendant to plaintiff. Accordingly, this Court concludes that the cost of attendance for willing witnesses, and other practical concerns, does not favor transfer to the District of Colorado.

### c. The public interest factors

Defendant argues that, of the four public interest factors, one factors transfer while the remaining three are neutral.[5] Plaintiff argues that Colorado has an interest in having the interest of a well-established local, family-owned and run business decided at home. However, as noted above, this case centers around claims that defendant marketed or used the "CURED" trademark in Texas with the intention to confuse to deceive Texas consumers. Further, this case implicates both Texas and Colorado businesses. Accordingly, both Texas and Colorado have an interest in litigating the claims here. This Court therefore concludes that the local interest in having localized interests decided at home do not favor transfer to the District of Colorado.

### V.   CONCLUSION

In sum, this Court finds no private or public interest factors that favor transfer at this time. Based on the breadth of the claims and counterclaims and the lack of evidence presented, this Court is unconvinced that transfer would render this action more convenient. When it is not clear that the transferee venue is more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. Accordingly, this Court will respect plaintiff's choice of venue and deny the motion to transfer. However, this case is young and discovery is ongoing. If it becomes clear, upon further development of the record, that the interests of justice, and the convenience of the parties and witnesses, are best served by transfer to the District of Colorado, or any other district, this Court will reconsider transfer under 28 U.S.C. § 1404(a).

---

[5] Defendant argues that the administrative difficulties flowing from court congestion, the familiarity of the forum with the law that will govern the case, and the avoidance of unnecessary problems of conflict of laws or in the application of foreign law, are neutral. Mot. 8, n.1. Accordingly, this Court concludes that those factors do not favor transfer to the District of Colorado.

11

For now, the Court will therefore deny the motion to transfer venue without prejudice, subject to reconsideration upon further development of the record.

A separate order shall issue.

Royce C. Lamberth
United States District Judge

DATE: 2/24/17